| 25 | 115 |
| 66 | 206 |

## CHAMBERLAIN *v.* STERLING.

The court will not reverse a judgment for error in the taxation of items of costs, where the whole amount taxed is no more than the party was entitled to recover for the taxable costs of the action.

A party recovered judgment upon a default in a justice's court, and erroneously taxed in his bill of costs an attorney's fee of fifty cents, but omitted to tax an equal sum, to which he was entitled for travel and attendance. *Held*, that the judgment should not be reversed for that cause, on error.

Chamberlain *v.* Sterling.

WRIT OF ERROR. The facts necessary to a proper under-standing of this case, appear in the opinion of the court.

*Hibbard & Bedel,* for the plaintiff.

*I. & S. H. Goodall,* for the defendant.

WOODS, J. This is a writ of error, brought by Chamber-lain to reverse a judgment rendered by a justice of the peace against him, and in favor of Sterling, upon the ground of an alleged error in the taxation of costs. The justice's court was held at the house of the original plaintiff, and the judgment was rendered upon a default. The bill of costs upon which it was made up contains, among other things, one item of fifty cents for an attorney's fee, and one of twenty-five cents for travel and attendance.

By chapter 229, section 7 of the Revised Statutes, par-ties are authorized to tax, before a justice, for every ten miles travel to and from court, twenty-five cents; and for each day's attendance twenty-five cents. No provision is made for an attorney's fee.

By the construction that has uniformly been given to this statute, the plaintiff was entitled to tax fifty cents for his travel and twenty-five cents for his attendance, but, as we have seen, he in fact taxed only twenty-five cents for both travel and attendance, so that although an attorney's fee was im-properly taxed, the judgment was rendered for no greater sum in costs than the party had a right to recover.

If we were to reverse the judgment for the error assigned, we could do no more than order such a judgment as the court below ought to have rendered, which, in the present case, would be precisely for the amount for which the judg-ment was actually rendered. *Burt* v. *Stevens,* 2 Foster's Rep. 229. In such a case, it is the duty of the court simply to affirm the judgment of the court below.

*Judgment affirmed.*